UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH BULLARD,

        Plaintiff,

v.                                    CASE NO. 25-12917
                                    HON. MARK A. GOLDSMITH

HEIDI WASHINGTON, et al.,

        Defendants.
_____/

## ORDER OF TRANSFER

Michigan prisoner Keith Bullard ("Bullard"), currently confined at the Macomb Correctional Facility in Lennox Township, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1), as well as an application to proceed without prepayment of the filing fee (Dkt. 2). In his complaint, Bullard raises claims concerning events that occurred in 2024 while he was confined at the Earnest C. Brooks Correctional Facility ("LRF") in Muskegon Heights, Michigan. He names Michigan Department of Corrections Director Heidi Washington, LRF Warden Chris King, and LRF Corrections Officer Lieutenant Moore as the defendants in this action. He sues the defendants in their personal capacities and seeks monetary damages and injunctive relief (Dkt. 1).

Having reviewed the matter, the Court concludes that venue is improper in this Court and that the case should be transferred to the United States District Court for the Western District of Michigan. Venue for a civil action brought in federal district court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972). When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. 28 U.S.C. § 1406(a).

Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of

the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. Carver v. Knox Co., Tenn., 887 F.2d 1287, 1291 (6th Cir. 1989); see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC, 504 F. App'x 468, 472 (6th Cir. 2012).

Defendant Washington resides in Ingham County and Defendants King and Moore reside in Muskegon County for purposes of the present complaint and the events giving rise to the complaint occurred in Muskegon County. Ingham County and Muskegon County are both located in the Western District of Michigan. See 28 U.S.C. § 102(b). Venue is therefore proper in the United States District Court for the Western District of Michigan, not this Court. The Western District is also a more convenient forum.

Accordingly, pursuant to 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a), the Court orders the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. The Court makes no determination as the merits of the complaint or any pending motions.

**IT IS SO ORDERED**.

Dated: November 18, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge